# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**JOE SHREVES,**
**Claimant Below, Petitioner**

**FILED**

October 3, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 11-1463** (BOR Appeal No. 2045948)
                    (Claim No. 2008002004)

**TOWN OF RIVESVILLE,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner, Joe Shreves, by William B. Gerwig II, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Town of Rivesville, by Gary W. Nickerson, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 11, 2011, in which the Board reversed a May 13, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's February 3, 2010, Order. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Joe Shreves was an employee of the Town of Rivesville on January 2, 2008, when he slipped and fell on ice while getting out of a truck. Mr. Shreves's injuries were held compensable for sprain/strain of the neck and sprain/strain of the lumbar region. On February 3, 2010, Mr. Shreves was granted a 10% permanent partial disability award for his compensable injuries. Based upon a report from Bruce Guberman, M.D., the Office of Judges reversed the claims administrator's Order of February 3, 2010, and granted Mr. Shreves a 17% permanent partial disability award on May 13, 2011. The Board of Review reversed the Office of Judges's Order of May 13, 2011, and granted Mr. Shreves a 13% permanent partial disability award.

1

On appeal, Mr. Shreves argues that neither the opinion of Dr. Guberman nor that of ChuanFang Jin, M.D., as to cervical spine impairment is superior to the other, so the evidence most favorable to Mr. Shreves must be adopted. Mr. Shreves also argues that Sushil Sethi, M.D., and Dr. Guberman's whole person impairment regarding the lumbar spine are both reliable with neither superior, so the evidence most favorable to the Mr. Shreves's position must be adopted. Mr. Shreves believes that he is entitled to an additional 6% permanent partial disability award for the cervical impairment and an additional 5% permanent partial disability award for the lumbar spine impairment. The Town of Rivesville argues that Mr. Shreves is not entitled to a greater award because the preponderance of the evidence only supports a 13% permanent partial disabililty award.

The Office of Judges found that the independent medical evaluation of Dr. Guberman, dated May 19, 2010, was entitled to greater evidentiary weight, and that Mr. Shreves is entitled to an award commensurate with the findings of Dr. Guberman's report. The Office of Judges noted that Dr. Guberman properly took Mr. Shreves's prior 10% permanent partial disability award for cervical impairment into consideration before applying West Virginia's Code of State Rules § 85-20 (2006) and that Dr. Guberman provided a detailed account of all his findings and provided references to the applicable sections and Tables of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993)

The Board of Review found that the analysis and conclusions of the Office of Judges were clearly wrong in view of the reliable, probative, and substantial evidence of record. The Board of Review noted that the record contains three reports regarding the amount of the permanent partial disability award that Mr. Shreves should be awarded due to his cervical and lumbar spine injuries. First, in his report of November 13, 2009, Dr. Sethi found Mr. Shreves had 10% impairment for the lumbar spine, with no impairment for the cervical spine. Second, Dr. Guberman, in his report of May 19, 2010, found a total of 17% whole person impairment, 13% for the lumbar spine and 5% for the cervical spine. Third, Dr. Jin's report of January 24, 2011, found Mr. Shreves had 8% whole person impairment for the lumbar spine and no additional impairment for the cervical spine.

The Board of Review properly found that the deduction of the prior permanent partial disability awards should be performed after an evaluator has made their Rule 20 impairment recommendation. When the award is properly deducted after placement into Rule 20, Mr. Shreves is fully compensated by his prior 10% award for the cervical spine injury. Therefore, the Board of Review concluded that Mr. Shreves is only entitled to a 13% permanent partial disability award for the lumbar spine. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  October 3, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II